**Gilbert BAO, Petitioner—Appellant,**

v.

**Darrel G. ADAMS, Warden, Respondent—Appellee.**

No. 03–56865.

D.C. No. CV–02–06071–DT.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Gilbert Bao, Corcoran, CA, pro se.

Gretchen Fusilier, Carlsbad, CA, for Petitioner–Appellant.

Marc Aaron Kohm, Deputy Atty. Gen., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM**

California state prisoner Gilbert Bao appeals the district court's judgment denying his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Bao raises additional claims that are outside the scope of his certificate of appealability ("COA"). We construe Bao's assertion of uncertified issues as a motion to broaden the COA. Because Bao is procedurally barred from raising claims on federal habeas review that were not raised before the California Supreme Court, the motion is denied. *See Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999).

Bao contends that he was denied his Sixth Amendment right to confront witnesses when the state's gang expert was allowed to rely on "street talk" among people in gang culture during his testimony. Because the statements at issue were not offered for their truth, their admission could not violate the confrontation clause. *See United States v. Shannon,* 137 F.3d 1112, 1118 (9th Cir.1998).

Bao next contends that the evidence presented at trial was insufficient to justify

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the gang enhancement to his sentence. Viewing the evidence presented in the light most favorable to the prosecution, it was possible for a rational jury to find beyond a reasonable doubt that Bao was eligible for a gang enhancement. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, the California Court of Appeal's conclusion regarding the gang enhancement was not an unreasonable application of federal law to the facts of this case. *See Juan H. v. Allen,* 408 F.3d 1262, 1274–75 (9th Cir.2005).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

